# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| A.M., | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:23-CV-131 (LAG) (ALS) |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) dated October 10, 2024 (Doc. 16) and Plaintiff's Objection, dated October 22, 2024 (Doc. 17). For the reasons below, Plaintiff's Objection is **OVERRULED**, and the Magistrate Judge's R&R is **ADOPTED**.

## BACKGROUND

Plaintiff filed a Complaint (Doc. 1) and a Motion for Leave to Proceed *in forma pauperis* (IFP) (Doc. 2) on December 1, 2023. On December 4, 2023, the Court granted Plaintiff's Motion to Proceed IFP. (Doc. 4). Plaintiff filed a Consent Motion for Extension of Time on February 26, 2024 (Doc. 8), which the Court granted on February 27, 2024 (Doc. 9). Plaintiff timely filed a Brief in Support of her Social Security Appeal on April 1, 2024. (Doc. 10). On April 29, 2024, Defendant, the Commissioner of Social Security, filed a Consent Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. §405(g) with Reversal and Remand of the Cause to the Defendant. (Doc. 12). On June 13, 2024, the Court reversed and remanded the case for further administrative proceedings. (Doc. 13). On September 10, 2024, Plaintiff filed a Consent Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA). (Doc. 15). Therein, Plaintiff's Counsel George

Piemonte and Alyssa Jackson seek to recover fees for 33.59 hours of work. (*Id.* at 1). The Commissioner does not oppose the amount in attorney's fees requested. (*Id.* at 2).

The Magistrate Judge issued the R&R on October 10, 2024, recommending that the Court grant in part and deny in part Plaintiff's Motion for Attorney's Fees. (Doc. 16 at 5). The Magistrate Judge found the calculation of hours expended by the two billing attorneys, George Piemonte (Piemonte) and Alyssa Jackson (Jackson), to be reasonable under the circumstances. (*Id.* at 2 (citations omitted)). But, the Magistrate Judge recommended accepting Plaintiff's requested rate for Piemonte but reducing Plaintiff's requested rate to $150.00 per hour for Jackson. (*Id.* at 2–4). The Magistrate Judge found that because "Jackson is not admitted to practice before this Court, nor has she sought permission *pro hac vice*[,]" she is "not entitled to be compensated for 'attorney services[.]'" (*Id.* at 3–4). The Magistrate Judge then determined that $150.00 was an appropriate hourly rate for someone with Jackson's experience and credentials. (*Id.* at 4). The R&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a) for the parties to file written objections. Plaintiff timely filed an Objection on October 22, 2024. (Doc. 17). Plaintiff's Objection is now ripe for review. *See* Fed. R. Civ. P. 72(a).

## LEGAL STANDARD

District courts have "the duty to conduct a careful and complete review" to determine "whether to accept, reject, or modify [a] magistrate judge's report and recommendations[.]" *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). The court reviews *de novo* dispositive portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The court reviews unobjected-to portions of the report and recommendation and non-dispositive orders for clear error but may order a hearing or conduct a *de novo* review if necessary. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Wainwright*, 681 F.2d at 732. The court also has discretion to consider new facts and arguments raised in an objection. *Williams v. McNeil*, 557 F.3d 1287, 1290–91 (11th Cir. 2009). An objecting party "must clearly advise the district court and pinpoint the specific

findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (per curiam). The court will not consider objections that are "[f]rivolous, conclusive, or general[.]" *Id.* at 1361 (citation omitted).

## DISCUSSION

Because Plaintiff timely objects to the R&R, the Court reviews the relevant portions of Plaintiff's arguments *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). In the Objection, Plaintiff argues that the Magistrate Judge erroneously found that Jackson should be paid at a paralegal rate of $150.00 per hour. (Doc. 17 at 1; *see* Doc. 16). Plaintiff argues that "Jackson should be paid as an attorney at the rate she requested and agreed to by the Commissioner"—$250.33 per hour. (Doc. 17 at 1, 4). Plaintiff further argues that even if the Court decides to pay Jackson as a paralegal, "$150[.00] per hour is too low[,]" and she should be awarded "at least $175[.00] per hour." (*Id.* at 6).

Under the EAJA, the Court determines the amount of a reasonable fee using the lodestar method—i.e., "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) (explaining that *Hensley*'s lodestar method applies to EAJA cases). The EAJA provides that

> reasonable attorney fees . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(D)(2)(A). "The 'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citation omitted). "[T]he practice in the Middle District of Georgia has been to compensate non-admitted attorneys at the prevailing market rate for paralegals—particularly where the fee application is unopposed." *S.A.B. v. Comm'r of Soc. Sec.*, No. 7:23-CV-005-WLS-TQL, 2024 WL 3558740 (M.D. Ga. July 24, 2024) (citing *Zech v. Comm'r of Soc. Sec.*, 680 F. App'x 858, 860 (11th Cir. 2018) (per curiam)).

3

The Court must articulate its reasoning and the basis for the fee determination. *See Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 537 (11th Cir. 2020) (affirming award of attorney fees for non-admitted attorneys at hourly rate of paralegals, but remanding for district court to provide the basis for its finding that the prevailing market rate for paralegals was $75.00).

The R&R clearly sets forth the reasoning for using the paralegal rate for Jackson. Jackson is admitted to practice in the state of New York but is not admitted to practice in this Court. (Doc. 16 at 3). While district courts have discretion to award a non-admitted attorney an EAJA fee at a paralegal rate or an attorney rate, the Eleventh Circuit has consistently held that a "district court [does] not abuse its discretion by compensating [non-admitted attorneys] at the paralegal hourly rate." *Zech*, 680 F. App'x at 860; *see also Callaway*, 802 F App'x at 537. As it is the practice of this Court to compensate non-admitted attorneys at the paralegal rate and as Jackson is non-admitted, the Court—in its discretion—will award compensation at the paralegal rate.

Plaintiff further argues that "$150[.00] per hour is too low, even for a paralegal." (Doc. 17 at 4). In support of her contention, Plaintiff averages fee awards in Middle District of Georgia cases, accounting for inflation. (*Id.* at 5). Plaintiff states that the average rate in those cases was $166.83. (*Id.*). This average is $16.83 more than what the Magistrate Judge recommended Jackson be awarded. Plaintiff argues that given Jackson's "J.D. and extensive experience as an attorney in Social Security cases," the Court should award her at least $175.00 per hour. (*Id.* at 6). As explained in the R&R, "[d]ecisions throughout the Eleventh Circuit [have] generally appl[ied] a rate between $125[.00] per hour and $150[.00] per hour for work performed by non-admitted attorneys with similar training, skill and experience [to] []Jackson." (Doc. 16 at 4 (citations omitted)). In addition to considering Jackon's skills, training, and experience in Social Security matters, the Court takes into account Jackson's decision to not seek pro hac vice admission to this Court. (*Id.* at 3–4).

Having considered the circumstances of this case, the practice of the Middle District, and Eleventh Circuit precedent, the Court finds on *de novo* review that the

4

appropriate rate for Jackson's work in this matter is $150.00 per hour. As Plaintiff does not object to the R&R's other recommendation with regard to the requested rate and hours for Piemonte, the Court has reviewed this portion of the R&R for clear error and has found none.

## CONCLUSION

Accordingly, Plaintiff's Objection (Doc. 17) is **OVERRULED**. Upon careful and complete review of the R&R and the record in this case, the Court finds that the R&R (Doc. 16) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein. Accordingly, Plaintiff's Consent Motion for Attorney's Fees Under the EAJA (Doc. 15) is **GRANTED in part** and **DENIED in part**.

Plaintiff is to be awarded fees under the EAJA in the amount of **$5,340.38** for 33.59 hours of attorney work. Payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel if Plaintiff owes a federal debt. If the U.S. Department of Treasury determines that Plaintiff does not owe a federal debt, the Government may accept Plaintiff's assignment of EAJA fees and pay them directly to Plaintiff's counsel.

**SO ORDERED**, this 7th day of August, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**